IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JURDIS NELSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | NO. 5:13-cv-31 (MTT) (CHW) |
| : | |
| Warden GREGORY McLAUGHLIN, : | Proceedings under 42 U.S.C. § 1983 |
| : | Before the U.S. Magistrate Judge |
| Defendant. : | |
| : | |

### REPORT AND RECOMMENDATION

Now before the Court are cross motions for summary judgment filed by Plaintiff Jurdis Nelson and Defendant Gregory McLaughlin. (Docs. 20, 25). Because Plaintiff has failed to show that there are genuine issues of material fact regarding his retaliatory transfer claim, and because the Defendant is entitled to judgment as a matter of law, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**, (Doc. 20), that Plaintiff's Motion for Summary Judgment be **DENIED**, (Doc. 25).

### BACKGROUND

Plaintiff's *pro se* § 1983 complaint concerns an alleged retaliatory transfer.[1] Plaintiff, a prisoner, was housed in Macon State Prison ("MSP") from March 20, 2012, to October 4, 2012, when he was transferred to Telfair State Prison ("TSP") and put in administrative segregation or "lockdown." (Doc. 1, p. 4; Doc. 25, p. 23). Plaintiff claims that he was transferred in retaliation for filing a grievance against Sonja Moss, the MSP chaplain, based on her refusal to provide

---

[1] The Court previously dismissed Plaintiff's complaint in an order dated 1/30/2013, (Doc. 5), but then vacated its order of dismissal based on Plaintiff's motion to amend, which the Court construed as a motion for reconsideration. (Doc. 7). Although Plaintiff originally sought to raise two claims against Defendant McLaughlin—a retaliatory-transfer claim and a denial-of-court-access claim—the Court vacated its order of dismissal only with regard to Plaintiff's retaliatory transfer claim. (Doc. 8).

1

Plaintiff with a hygiene kit. (Doc. 1, p. 4; Doc. 25, p. 24). The grievance in question, grievance no. 131808, is marked "Received 9/18/12." (Doc. 25, p. 58).

Plaintiff also claims that he is a "sleeper," meaning "a warden to warden transfer[] that [is] not really fully approved by Atlanta,"[2] and he bases his complaint against Defendant McLaughlin, the MSP Warden, largely on one statement allegedly made by the Defendant on or around September 27, 2012:

> That's Nelson? . . . . [T]hat's the one who likes to file grievances and lawsuits . . . . [I]f he files another lawsuit – a grievance at this prison, I'm gone send him so far south, and cut off his mail where he can't file no more grievances. (Doc. 25, p. 24).

Defendant McLaughlin claims that Plaintiff was transferred to TSP because he was related to an MSP staff member. (Doc. 20-4, pp. 1-2). According to the Defendant, the Georgia Department of Corrections' Standard Operating Procedure ("GDC SOP") required Plaintiff's transfer due to the potential for conflict. (*Id.*). Plaintiff, however, denies that he was related to any staff member at MSP. (Doc. 25, p. 28).

The Defendant also claims that Deputy Warden Talisha Carter-Moody requested Plaintiff's administrative transfer on August 8, 2012, well over a month before the Defendant allegedly threatened Plaintiff with a retaliatory transfer. (Doc. 20-4, p. 2). Plaintiff, however, contends that Deputy Warden Carter-Moody's transfer request was "fabricated." (Doc. 25, pp. 29, 32-34).

Deputy Warden Carter-Moody submitted an affidavit attesting to the authenticity of her administrative transfer request, but she was unable to recall either the MSP staff member related

---

[2] The Georgia Department of Corrections' Standard Operating Procedure IIC05-0001 IV defines "Sleeper Status" as the "status of an inmate who is moved temporarily from one facility to another, i.e., warden-to-warden transfer." (Doc 25, p. 42). According to the Standard Operating Procedure, sleeper status is "strictly time limited and shall not exceed 24 hours." (*Id.*).

2

to Plaintiff, or the source of her information. (Doc. 20-5, pp. 1-2). Submitted with Deputy Warden Carter-Moody's affidavit, though, is a copy of Plaintiff's "Assignment Detail" form, which indicates that Deputy Warden Carter-Moody requested a transfer on 08/08/2012 based on an "Inmate on Staff Conflict." (Doc. 20-4, p. 4). The "Comments" section of the Assignment Detail form reads: "Staff Member's Uncle." (*Id.*). Because this Assignment Detail form shows that Deputy Warden Carter-Moody requested Plaintiff's transfer over a month before Defendant McLaughlin threatened Plaintiff, and because the form indicates that Plaintiff was, indeed, transferred due to his relation to an MSP staff member, Defendant McLaughlin is entitled to summary judgment.

## **STANDARD FOR SUMMARY JUDGMENT**

Pursuant to F.R.C.P. 56, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the burden shifts to the non-moving party to "go beyond the pleadings," meaning that the non-movant must either (i) present specific evidence showing that there is a genuine issue of material fact; or (ii) show by other means that the moving party is not entitled to judgment as a matter of law. *Id.*

3

at 324-26. If the evidence presented by the non-movant is "not significantly probative" or "merely colorable," then summary judgment may be granted. *Anderson*, 477 U.S. at 249. Indeed, Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cleotex Corp.*, 477 U.S. at 322.

## ANALYSIS

Because no reasonable jury could find a causal relationship between Plaintiff's transfer and his grievance against Chaplain Moss, Defendant McLaughlin is entitled to summary judgment.

Claims of retaliation based on the filling of a grievance are rooted in the First Amendment. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) ("the gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech"). To prevail on a claim of retaliation, a plaintiff must show that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the . . . allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

There is no dispute, here, concerning whether or not Plaintiff's grievance against Chaplain Moss was "constitutionally protected." (Doc. 20-2, p. 9). Clearly, it was. *See Smith*, 532 F.3d at 1276 ("It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement").

There is, however, a genuine dispute about whether Plaintiff's transfer to TSP was "adverse action" that would likely deter a prisoner of ordinary firmness from filing future grievances. *See, e.g., Smith*, 532 F.3d 1270, 1277 ("Whether the [retaliation] 'would likely deter' presents an objective standard and a factual inquiry"). This dispute remains because neither party adequately addressed *Smith*'s "adverse action" prong. Plaintiff, for example, failed to show that Defendant McLaughlin was responsible for Plaintiff's "lockdown" status at TSP,[3] and he also failed to allege any other forms of "adverse action" apart from the transfer itself. *Cf. Smith v. Mosley*, 532 F.3d 1270 (11th Cir. 2008) (finding "adverse action" where plaintiff received a disciplinary recommendation of 90 days segregation and a loss of all privileges based on a complaint letter). While the record, as it currently stands, does not warrant a "weeding out" of Plaintiff's complaint, it certainly does not warrant summary judgment in Plaintiff's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (holding that summary judgment is improper if reasonable minds could differ as to the import of evidence). Accordingly, it is recommended that Plaintiff's motion for summary judgment be denied.

The Defendant, on the other hand, ignored the Eleventh Circuit's objective standard, and argued instead that Plaintiff did not suffer adverse action simply because he was able to file grievances and legal papers at TSP. (Doc. 20-2, p. 9). "It would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persist[ed] in his protected activity." *Bennett v. Hendrix*, 423 F.3d 1247, 1252 (11th Cir. 2005). Therefore, courts evaluate claims of retaliation to determine whether the alleged retaliatory acts "would deter a person of ordinary firmness from exercising his or her First Amendment rights." *Id.* at 1255. Because the Defendant failed to assess Plaintiff's claims in light

---

[3] The Court previously warned Plaintiff about the inadequacy of his factual allegations in an Order dated February 20, 2012. (Doc 8, p. 1) ("Plaintiff has not filled in all factual gaps in his allegations, e.g., how McLaughlin was able to transfer [Plaintiff] into administrative segregation/lockdown at another prison.").

of the Eleventh Circuit's objective standard, and because reasonable minds would likely differ as to the import of the evidence in the record, the Defendant is not entitled to summary judgment on the grounds that Plaintiff suffered no "adverse action."

The Defendant is entitled to summary judgment, though, on the grounds that no causal relationship exists between Plaintiff's transfer and his grievance against Chaplain Moss. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

In order to establish causation, a plaintiff must show that the defendant was "subjectively motivated" to discipline plaintiff for exercising his First Amendment rights. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Courts decide the "subjective motivation issue" using the *Mt. Healthy* burden-shifting formula. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). Under this formula:

> [O]nce the plaintiff has met the burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on his motion for . . . summary judgment. *Id*.

On summary judgment, then, a plaintiff must meet the initial burden of showing some evidence of a causal connection between the protected activity and the defendant's actions.

In the case at hand, Plaintiff cannot show that his September 18 grievance against Chaplain Moss subjectively motivated Defendant McLaughlin because an "Assignment Detail" form indicates that Deputy Warden Carter-Moody requested Plaintiff's transfer on August 8,

over one month earlier, due to Plaintiff's familial ties to an MSP staff member. (Doc. 20-5, p. 5). Accordingly, Plaintiff has failed to meet his burden at step one of the *Mt. Healthy* formula.

In his only real attempt to address the "Assignment Detail" form, Plaintiff argued that the form was "fabricated" and that the "Record [did not] show [Deputy Warden Carter-Moody's] statement to Macon S.P. [Inmate] Classification on August 8, 2012." (Doc. 25, p. 5). Presumably Plaintiff means that no "Facility Transfer Recommendation form" exists because Deputy Warden Carter-Moody failed to comply with GDC SOP IIC05-001 VI A, which states:

> Transfer requests shall be submitted to the Classification Committee on the Facility Transfer Recommendation form (Attachment 1).[4] All recommendations to Central Office shall be made electronically via <u>SCRIBE</u> in the <u>assignments</u> module. (Doc. 25, p. 42).

In other words, Plaintiff argues that the absence of a Facility Transfer Recommendation form supports his claim that the "Assignment Detail" form, or some of the information in it, was fabricated.[5] This threadbare argument is insufficient to create a genuine dispute about the Assignment Detail form's authenticity, much less about whether Defendant McLaughlin played a part in the form's fabrication in order to conceal his retaliatory motives. Accordingly, because no reasonable jury could conclude that Defendant McLaughlin was subjectively motivated by Plaintiff's September 18 grievance against Chaplain Moss, the Defendant is entitled to summary judgment.

---

[4] Attachment 1 is labeled "Inter-Institutional Transfer Request." (Doc. 20-5, p. 13).
[5] In her affidavit, Deputy Warden Carter-Moody stated:
> SOP IIC05-0001 includes as an attachment a form entitled "Inter-Institutional Transfer Request." This form is no longer utilized for making transfer requests and instead as the policy provides (at p. 2 of 6) transfer requests are made electronically to the GDC central office via the "scribe" system. (Doc. 20-5, p. 2).

## **CONCLUSION**

Because no genuine issues of material fact exist regarding Plaintiff's retaliatory transfer claim it is hereby **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**, that Plaintiff's Motion for Summary Judgment be **DENIED**, and that Plaintiff's Complaint be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom the case is assigned **WITIHIN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of January, 2014.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge